J-S18025-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| FRANKLIN JIMENEZ | : | |
| | : | |
| Appellant | : | No. 323 EDA 2020 |

Appeal from the Judgment of Sentence Entered December 16, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0004714-2017

BEFORE: PANELLA, P.J., McCAFFERY, J., and COLINS, J.[*]

MEMORANDUM BY McCAFFERY, J.: **FILED JULY 07, 2021**

Franklin Jimenez (Appellant) appeals from the judgment of sentence entered in the Philadelphia Court of Common Pleas, following his bench trial convictions of sexual abuse of children—child pornography and unlawful contact with a minor.[1] Appellant contends that the guilty verdicts were against the weight of the evidence because the trial court failed to credit the testimony of his expert witness. We affirm.

The Commonwealth presented the following evidence at trial. The National Center for Missing and Exploited Children (NCMEC) received a report from Microsoft that, on March 15, 2015, images depicting child pornography

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 6312(d), 6318(a)(1).

were uploaded to a OneDrive account, a Microsoft cloud-based storage system. N.T. Waiver Trial, 2/21/19, at 16-18. It was not disputed that this OneDrive account belonged to Appellant. The email address registered with the OneDrive account was Frankforgood1231@msn.com. *Id.* at 19. Four of the images from this OneDrive account were the basis of Appellant's charges. The file names for the four images all began with "Franklin Toy" and ended with a number. *Id.* at 19.

The NCMEC sent Microsoft's report to Agent Kimberly Caraway, a special agent at the Department of Homeland Security in the Child Exploitation Investigation Unit. Through subpoenas sent to Microsoft, T-Mobile, Facebook, and Twitter, Agent Caraway discovered that Appellant used the same email address for accounts with these organizations. N.T., 2/21/19, at 20, 22, 27-29.

Agent Caraway and two officers went to Appellant's home to conduct an interview on May 11, 2016. N.T., 2/21/19, 70. During this interview, Appellant admitted that his OneDrive account was "shut down due to viewing pornography." *Id.* at 34. Appellant further explained that he visited the website INGSRC.RU, a Russian website, to view the pornography.[2] *Id.* 57-58. We note Agent Caraway testified at trial that she was not able to view any records from INSGRC.RU; she stated Russian companies often do not

---

[2] At trial, this website was referred to as both "INGSRU" and "IMGSRU."

comply with subpoenas. *Id.* at 58-59. After Appellant stated his OneDrive account was closed for viewing pornography, Agent Caraway responded that Appellant's OneDrive account was instead "shut down due to **child** pornography," to which Appellant responded "yes." *Id.* at 34-35 (emphasis added). While interviewing Appellant, Agent Caraway noticed two computers and asked for permission to search them. *Id.* at 36. However, Appellant stated that he wished to consult with an attorney before consenting to a search. *Id.* at 37.

After the interview, Agent Caraway prepared an application for a search warrant. N.T., 2/21/19, at 70. This search warrant was executed less than a month later by Agent Caraway and Agent Douglas Green, a forensic examiner at the Department of Homeland Security. *Id.* at 88-89. However, the agents were not able to locate either of the two computers during the search. The only items seized were "five mobile cellular phones, two tablet devices, two digital cameras, several flash drives, and at least one media player." *Id.* at 90. There was no child pornography recovered from these devices. *Id.* at 91.

Appellant was charged with, *inter alia,* child pornography and unlawful contact with a minor. The matter proceeded to a two-day non-jury trial on February 21, 2019. The parties stipulated that 31 of the 51 images uploaded onto the OneDrive account qualified as child pornography under the statutory definition. N.T., 2/21/19, at 13.

Agent Caraway testified to the facts as summarized above, including that Appellant said, "[Y]es," when she stated his OneDrive account was closed due to child pornography. *See* N.T., 2/21/19, at 34-35.

In addition, Homeland Security Agent Green, who executed the search warrant at Appellant's home, testified for the Commonwealth as an expert in digital forensics. N.T., 2/21/19, at 87. He explained how a picture is uploaded to OneDrive: a user downloads an image to their computer or mobile device, then uploads it to OneDrive. *Id.* at 100. A OneDrive account can automatically upload pictures or other files, "to allow people to back their stuff up automatically." *Id.* Here, Agent Green could not determine if the uploads to the OneDrive were intentional or incidental as part of an automatic backup. *Id.* Nevertheless, regardless of whether the upload to OneDrive, "the original download from another location would need to be intentional. It wouldn't happen automatically[.]" *Id.* at 101.

Appellant did not testify at trial, but presented expert testimony from Steven Pacillio, Esquire, an expert in the area of forensic examination of computers. N.T., 2/21/19, at 136. Attorney Pacillio stated that because Appellant's computers were not available, there was no evidence that it was Appellant who uploaded the images in question. Pacillio testified, "[I]f you had my computer, you could look at it and see what I was doing last night, was this file on my computer and uploaded, did I do something to manipulate that file and there's no evidence of that." *Id.* at 164. Attorney Pacillio did

agree that the website, INGSRU.RU, "is a place where child pornography is frequently uploaded and downloaded." *Id.* at 184.  In addition, Attorney Pacillio agreed that the manner of file names of the images was consistent with typical file names of images involving child pornography.  *Id.* at 185 ("[I]n the world of pornography we tend to see sets or collections[, such as] Sherry01, 02, however many pictures are in the set.").

The trial court took the case under advisement.  N.T., 2/21/19, at 192. On March 22, 2019, it found Appellant guilty of child pornography and unlawful contact with a minor.  N.T. Rendering of Verdict, 3/22/19, at 5-6.

On December 16, 2019, the trial court conducted sentencing. Appellant's counsel argued, with respect to any SORNA[3] registration, that while there was evidence that the images were on Appellant's computer, there was no evidence that Appellant "uploaded those photos."  N.T. Sentencing, 12/16/19, at 6.  The court responded it had found Appellant guilty beyond a reasonable doubt.  *Id.*  The court then imposed, for each offense, a sentence of 11½ to 23 months' house arrest and 3 years' probation.  *Id.*  at 12-13.  The sentences for each count were to run concurrently.  In addition, Appellant was ordered to register as a Tier II offender for a period of 25 years under SORNA.[4]

_____

[3] Pennsylvania Sexual Offender Registration & Notification Act, 42 Pa. C.S. §§ 9799.10-9799.75.

[4] At the sentencing hearing, the Commonwealth stated Appellant was required to registration for 15 years as a Tier I offender.  N.T., 12/16/19, at 13.  While
*(Footnote Continued Next Page)*

- 5 -

Appellant did not file a post-sentence motion, but on January 13, 2020, filed a timely notice of appeal and, following an extension of time, a timely court-ordered Pa.R.A.P. 1925(b) statement on February 24, 2020. On appeal, Appellant presents the following overlapping issues for our review:

> 1. Were the guilty verdict(s) in this case against the weight of the evidence, such that no reasonable fact finder would have found [Appellant] guilty?
>
> 2. Do the guilty verdict(s) in this case "shock the conscience" such that [A]ppellant should be awarded a new trial?

Appellant's Brief at 5.

Appellant avers that the trial court's verdict was against the weight of the evidence. Appellant contends that the trial court failed to give sufficient credit to his expert Attorney Pacillio's testimony. Appellant's Brief at 9. In support, Appellant asserts that the trial court improperly found Attorney Pacillio was evasive about the parties' stipulation that the images on the OneDrive account were child pornography. *Id.* at 7. Appellant believes that

---

Appellant's dissemination of child pornography conviction was a Tier I offense, his unlawful contact with a minor conviction is a Tier II offense, carrying a 25-year registration period. *See* 42 Pa.C.S. §§ 9799.14(b)(9) (sexual abuse of children, 18 Pa.C.S. § 6312(d), is a Tier I offense), (c)(5) (unlawful contact with minor, 18 Pa.C.S. § 6318, is a Tier II offense), 9799.15(a)(1) (individual convicted of a Tier I offense shall register for 15 years), (2) (individual convicted of a Tier II sexual offense shall register for a period of 25 years). We note the written notice of SORNA registration requirement properly advised Appellant his unlawful contact conviction was a Tier II offense and he was to register for 25 years. *See* Notice of Registration Requirements – Tier II Offenders, 12/17/19.

the trial court took issue with Attorney Pacillio refusing to agree that the images on the OneDrive fit the description of child pornography, even though this fact was stipulated to between the parties. *Id.* at 11. In addition, Appellant contends the trial court improperly rejected Attorney Pacillio's testimony that in certain circumstances, a 12-year-old is more equipped to operate a computer than 40-year-old. *Id*. at 12.

The Commonwealth maintains that Appellant waived his weight of the evidence claim by failing to preserve the claim in the trial court prior to sentencing. Commonwealth's Brief at 9. After careful review, we conclude Appellant has preserved this issue.

This Court has stated:

Rule 607 of the Pennsylvania Rules of Criminal Procedure requires that a claim that the verdict was against the weight of the evidence be raised with the trial judge in a motion for a new trial:

> (1) orally, on the record, at any time before sentencing;
>
> (2) by written motion at any time before sentencing; or
>
> (3) in a post-sentence motion.

Pa.R.Crim.P. 607. As noted in the comment to this rule, "[t]he purpose of this rule is to make it clear that a challenge to the weight of the evidence must be raised with the trial judge or it will be waived." *Id.* cmt.

*Commonwealth v. Priest*, 18 A.3d 1235, 1239 (Pa. Super. 2011) (some citations omitted).

While Appellant did not file any written post-sentence motion, at sentencing, his counsel argued, "[T]here's no evidence in this case that

[Appellant] ever uploaded those photos." N.T., 12/16/29, at 6. In addition, counsel stated that while there was evidence suggesting that the images were on Appellant's computer, there was not necessarily evidence sufficient to prove that he viewed those images. *Id.* Although counsel did not specifically refer to defense expert's testimony, we deem the issue now presented on appeal was sufficiently raised.

We note the relevant standard of review for challenges to the weight of the evidence:

> The weight of the evidence is exclusively for the finder of fact who is free to believe all, part, or none of the evidence and to determine the credibility of witnesses. An appellate court cannot substitute its judgment for that of the finder of fact. Thus, we may only reverse . . . the verdict if it is so contrary to the evidence as to shock one's sense of justice.
>
> Moreover, where the trial court has ruled on the weight claim below, an appellate court's role is not to consider the underlying question of whether the verdict is against the weight of the evidence. Rather, appellate review is limited to where the trial court palpably abused its discretion in ruling on the weight claim.

*Commonwealth v. Orr*, 38 A.3d 868, 873 (Pa. Super. 2011) (*en banc*) (citations omitted).

"When expert opinion evidence is admitted, the factfinder is free to reject it, accept it, or give some weight between the two." *Commonwealth v. Stephens*, 74 A3d 1034, 1041 (Pa. Super. 2013) (citations omitted). "As a general matter, once an expert is qualified to testify, the weight to be given to his testimony is a matter for the jury." *Commonwealth v. Harris*, 817 A.2d 1033, 1054 (Pa. 2002) (citations omitted).

The offense of sexual abuse of children—child pornography is defined as follows:

> Any person who intentionally views or knowingly possesses or controls any book, magazine, pamphlet, slide, photograph, film, videotape, computer depiction or other material depicting a child under the age of 18 years engaging in a prohibited sexual act or in the simulation of such act commits an offense.

18 Pa.C.S. § 6312(d).

> The offense of unlawful contact with a minor is defined as follows:
>
> A person commits an offense if he is intentionally in contact with a minor, or a law enforcement officer acting in the performance of his duties who has assumed the identity of a minor, for the purpose of engaging in an activity prohibited under any of the following, and either the person initiating the contact or the person being contacted is within this Commonwealth.
>
> > (1) Any of the offenses enumerated in Chapter 31 (relating to sexual offenses).

18 Pa.C.S. § 6318(a)(1).

> The trial court addressed Appellant's issue as follows:
>
> Here, the weight of the evidence supported [Appellant's] conviction on all charges. [Appellant] told Agent Caraway he visited the Russian website, INGSRC.RU to view pornography. INGSRC.RU is a website commonly known to contain images of child pornography and does not comply with American requests for information with criminal investigation for child pornography. [Appellant] told Agent Caraway he used his computer to view pornography, and that his OneDrive account was shut down for child pornography. Agent Caraway indicated the government's interest in examining his computers, but when they returned less than one month later to execute a search warrant, both of [Appellant's] computers were missing and were never recovered.

Trial Ct. Op., 12/5/20, at 8-9 (record citations omitted). The court emphasized that Appellant's defense theory focused on the possibility of his

computers being hacked or being accessed by another individual. However, the Commonwealth was unable to inspect these computers because Appellant made them unavailable after he first refused Agent Caraway access. *Id.* at 9.

Appellant fails to address the trial court's discussion that he "cannot destroy evidence (or render it undiscoverable) and then rely upon the missing evidence as the basis of his defense." *See* Trial Ct. Op. at 10. Instead, Appellant avers that the trial court erred in failing to properly credit Attorney Pacillio's testimony. Appellant's Brief at 9. We reject Appellant's argument that the trial court erred in finding Attorney Pacillio "evasive." The trial court simply weighed the defense expert's testimony with the evidence presented by the Commonwealth. The trial court, as the fact finder, was free to believe all, part, or none of the Commonwealth's evidence and Attorney Pacillio's testimony. *See Harris*, 817 A.2d at 1054; *Orr*, 38 A.3d at 873. Thus, we defer to the trial court's weight and credibility findings, and decline to disturb the verdict.

Judgment of sentence affirmed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date: 7/7/2021*

- 10 -